UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VINCENT REED,

    Plaintiff,

v.

SARAH KARIKO et al.,

    Defendants.

CASE NO. 3:20-CV-05580-BHS-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. §1983, to United States Magistrate Judge David W. Christel. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983.

Plaintiff currently has two actions pending before this Court: *Reed v. Hammond, et al.*, Case No. 3:16-cv-5993-BHS-DWC ("*Reed I*") and the instant case, *Reed v. Koriko, et al.*, Case No. 3:20-cv-5580-BHS-DWC ("*Reed II*").

Plaintiff has filed a Motion titled "Motion to Reassign Case and Join Claims Under [*Reed I*]". Dkt. 10 ("Motion"). Defendants filed a Response. Dkt. 20. Plaintiff filed a Reply. Dkt. 22.

The Motion is denied as Plaintiff's request to reassign this case is now moot, and the two cases involve different facts and allegations.

### 1. Reassignment

Plaintiff moves, in part, for the Court to reassign this case, *Reed II*, because it is related to a previously filed case, *Reed I*. Dkt. 10. On September 15, 2020, the Court entered a minute order reassigning this case from the Honorable Marsha J. Pechman to the Honorable Benjamin H. Settle as was related to *Reed I*. Dkt. 11 at 1. Therefore, Plaintiff's request to reassign this case is denied as moot.

### 2. Consolidation

In addition to seeking reassignment of *Reed I* and *Reed II,* Plaintiff moves for the Court to consolidate the two cases. Dkt. 10.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984).

Here, both *Reed I* and *Reed II* are filed pursuant to 42 U.S.C. § 1983 and allege violations of Plaintiff's civil rights pursuant to the Eighth Amendment. *See Reed I* and *Reed II.* However, *Reed I* was filed nearly four years ago in December 2016, and Plaintiff has been appointed *pro bono* counsel. *See Reed I* at Dkt. 1, 63 (order appointing counsel). Discovery was completed on

1  October 30, 2020, and the *Reed I* Defendants have filed a Third Motion for Summary Judgment

2  which seeks dismissal of all remaining claims. Dkt. 160. The remaining claims in *Reed I* are

3  based on Plaintiff's allegations Defendants failed to timely treat his Hepatitis C infection. *Reed I*

4  at Dkt. 96 at 10-13; Dkt. 160.

5        In June 2020, Plaintiff filed *Reed II*. *Reed II* at Dkt. 1. Plaintiff has not requested counsel,

6  nor has he been appointed *pro bono* counsel. A scheduling order has not yet been entered and

7  discovery has not yet commenced. In *Reed II,* Plaintiff alleges Defendants failed to evaluate and

8  treat extra-hepatic manifestations;[1] failed to continue treatment of other unrelated medical

9  conditions; and failed to properly make, maintain, or organize medical records. *Reed II* at Dkt. 5

10  at 2-25.

11        Based on the Court's examination of these two actions, Plaintiff's Motion (Dkt. 10) is

12  denied. While the two cases require application of similar laws such as the Eighth Amendment,

13  they do not involve the same set of facts or the same parties. The specific factual questions are

14  not common between *Reed I* and *Reed II*. For example, whether the *Reed I* Defendants failed to

15  timely treat Plaintiff's Hepatitis C infection is not related to whether the *Reed II* Defendants

16  failed to evaluate and treat extra-hepatic manifestations; failed to treat other unrelated medical

17  conditions; or failed to make, maintain or organize Plaintiff's medical records.

18        Moreover, *Reed I* is at a significantly different procedural posture. Consolidation of the

19  cases would cause prejudice since a scheduling order regulating discovery and further

---

[1] Plaintiff alleges he has been diagnosed with polycythemia, hyperglycemia, and cryoglobulinemia. Dkt. 5 at 4, 7, 8.

proceedings has already issued in *Reed I* and Defendants' Third Motion for Summary Judgment is pending.[2]

Plaintiff has failed to demonstrate *Reed I* and *Reed II* include common questions of fact or any economy or convenience would be achieved through consolidation. Accordingly, Plaintiff's Motion (Dkt. 10) is denied.

Dated this 18th day of November, 2020.

David W. Christel
United States Magistrate Judge

---

[2] The *Reed I* Defendants' Third Motion for Summary Judgment is ready for the Court's review December 6, 2020. *Reed I* at Dkt. 160.