UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VINCENT REED,

            Plaintiff,

    v.

SARAH KARIKO et al.,

            Defendants.

CASE NO. 3:20-CV-05580-BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending in this action is Plaintiff's Motion for Court Appointment of Counsel and to Appoint an Expert Witness. Dkt. 25.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

ORDER - 1

Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff requests the appointment of counsel for the following reasons: (1) he is unable to afford counsel; (2) he has limited access to counsel; (3) he has Hepatitis C and was denied access to medical treatment; (4) the issues are complex; (5) he has limited knowledge of the law; and (6) he will likely prevail with the assistance of counsel. Dkt. 25.

Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Although Plaintiff argues counsel would be able to assist him with the legal concepts or medical terms relevant in this case, he has repeatedly articulated the standards which apply to his claims in a fashion understandable to the Court. And while Plaintiff has provided additional information alleging medical problems and deliberate indifference claims, the information does not show Plaintiff is likely to succeed on the merits. Dkt. 25. In addition, the Court does not find Plaintiff's § 1983 claims entitle him to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331. Further, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of

counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Thus, the Court finds Plaintiff does not present any impediment in litigating his case.

Plaintiff also requests appointment of an expert witness. Dkt. 25. Plaintiff contends his case involve issues which will require an expert witness with specialized knowledge. Dkt. 25 at 1. Plaintiff states he has limited access to an expert witness as a state prisoner. *Id.* However, Plaintiff's request is conclusory. He does not provide any explanation for why he needs an expert witness appointed at this time. Rather, Plaintiff argues his case will likely require an expert medical witness, which supports his need for the appointment of counsel. Dkt. 25.

To the extent Plaintiff's request could be construed as a request to appoint a neutral expert pursuant to Federal Rule of Evidence 706, the issue in this case is whether Defendants acted with deliberate indifference to Plaintiff's serious medical needs. Here, it appears Plaintiff requests the appointment of an expert for his benefit alone. Essentially, Plaintiff is requesting the Court appoint an expert to serve as his advocate and to create a triable issue of fact. This, however, is not the function of a neutral expert witness. *See Spinks v. Lopez*, 2014 WL 411283, at *2 (E.D. Cal. Feb. 3, 2014), *subsequently aff'd,* 623 F. App'x 499 (9th Cir. 2015) ("The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant[.]"). *Bontemps v. Lee,* 2013 WL 417790, at *3–4 (E.D. Cal. Jan.31, 2013); *Gamez v. Gonzalez,* 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010). In addition, at this stage of litigation, where no dispositive motions have been filed, the Court cannot determine whether the appointment of an expert is required to advise the Court on complex, scientific, medical or technical matters. *See Sloan v. Oakland Police Dep't*, 376 F. App'x 738, 740 (9th Cir. 2010); *Honeycutt v. Snider,* 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of

experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.").

For the above stated reasons, the Court finds Plaintiff has failed to show the appointment of counsel or an expert witness is appropriate at this time. Accordingly, Plaintiff's Motion is denied without prejudice.

Dated this 24th day of February, 2021.

David W. Christel
United States Magistrate Judge