UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES VINCENT REED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SARAH KARIKO, et al.,<br><br>　　　　　Defendants. | CASE NO. 3:20-CV-5580-BHS-DWC<br><br>ORDER |

Plaintiff Charles V. Reed filed this civil rights action under 42 U.S.C. § 1983. Before the Court is: (1) Plaintiff's Motion to Compel (Dkt. 30) and (2) Defendants' Motion for Relief from Deadlines (Dkt. 32).

1. <u>Motion to Compel (Dkt. 30)</u>

Plaintiff moves for the Court to order Defendants to produce substantive responses to Plaintiff's First Set of Discovery Requests. Dkt. 30. Defendants do not oppose the Motion and submit that the Court has discretion to enter an order compelling Defendants' discovery responses, which are already in progress. Dkt. 32.

| 1 | On March 10, 2021, counsel for Defendants received Plaintiff's first set of discovery
| --- |
| 2 | requests to each of the individually named defendants. Dkt. 33, Declaration of Scott Barbara at ¶
| 3 | 3. On April 22, 2021, Mr. Barbara received Plaintiff's letter regarding overdue discovery
| 4 | responses. Dkt. 33 at ¶ 4. Mr. Barbara drafted responsive correspondence to Plaintiff and
| 5 | acknowledged that the discovery was overdue, explaining the circumstances, and providing an
| 6 | estimate of when the discovery responses would likely be completed. Dkt. 33 at ¶ 4. Mr. Barbara
| 7 | states that he underestimated the time needed to complete the discovery responses to Plaintiff
| 8 | and the time available to address them. Dkt. 33 at ¶ 5. Mr. Barbara states he has served
| 9 | objections to Plaintiff's discovery requests on behalf of Defendants Eschbach, Neibert, and
| 10 | Taylor on Plaintiff on May 18, 2021, but has not served substantive responses to date. Dkt. 33 at
| 11 | ¶ 6. Mr. Barbara states he anticipates the substantive discovery responses will be delivered to
| 12 | Plaintiff before the Court considers Defendants' Motion for Relief from Deadlines, but it is not
| 13 | clear to the Court if the responses have been served as of the date of this Order *See id.*

Defendants do not object to a Court order compelling submission of the substantive responses. Dkt. 32 at 3. Defendants do not dispute they failed to provide timely discovery responses. *Id.* Defendants explain the extenuating circumstancing surrounding their failure to provide discovery responses and are continuing to work on their responses to provide them to Plaintiff. *Id.*, Dkt. 33. Mr. Barbara states he was preparing for a wrongful death trial in King County Superior Court that was scheduled to commence on March 15, 2021. *Id.* That case was on standby until March 29, 2021 when it was continued until June 2021, and eventually settled. *Id.*

Accordingly, the Court grants Plaintiff's Motion to Compel (Dkt. 30). Defendants, if they have not already done so, shall respond to Plaintiff's First Set of Discovery Requests on or

before July 9, 2021. The parties are ordered to meet and confer to resolve any future discovery disputes.

2. <u>Motion for Relief from Deadlines (Dkt. 32)</u>

Defendants move for an order amending the Pretrial Scheduling Order to provide all the parties ninety additional days to complete discovery, file a motion to compel, and submit dispositive motions. Dkt. 32. Defendants argue Plaintiff has yet to review Defendants' substantive discovery responses and would be unable to challenge those responses because the deadline has passed. Dkt. 32 at 3-4. Defendants argue they will be "hard-pressed" to meet the Court's current deadline for dispositive motions based on their trial schedule. *Id.* at 4. In his Response, Plaintiff opposes any extension and argues he should be appointed counsel instead.[1] Dkt. 34.

On November 19, 2020, the Court entered its Pretrial Scheduling Order and set three operative dates: completion of discovery by May 18, 2021; motions to compel filed by June 3, 2021; and dispositive motions filed by June 18, 2021. Dkt. 24 at 1-2. All three dates have passed. *See id.*

Pursuant to local rule, a motion for relief from a deadline should be filed before the deadline lapses. LCR 7(j). The party requesting the extension must show good cause for the extension. Fed. R. Civ. P. 26(b), 6(b)(1). In addition, and extension "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *California Trout v. Fed. Energy Regulatory Comm'n*, 572 F.3d 1003, 1027 n.1 (9th Cir. 2009).

---

[1] Plaintiff also argues he should be appointed counsel. Dkt. 34. However, Plaintiff's request for counsel was not presented to the Court in a separately filed motion, but rather as an argument made in his Response. *Id.* Therefore, the Court will not consider the request at this time.

The Court acknowledges Mr. Barbara's busy caseload and calendar, and notes counsel's difficulties of handling multiple cases. However, an overextended case load is not necessarily good cause unless it is the result of events unforeseen and uncontrollable by both counsel and client. *Mississippi v. Turner*, 498 U.S. 1032 (Scalia, Circuit Justice 1991) (denying an extension of time because, "[l]ike any other litigant, the State of Mississippi must choose between hiring more attorneys and taking fewer appeals"). Moreover, the Motion, filed on June 7, 2021 noted for the Court's consideration on June 25, 2021, was not filed sufficiently in advance of the deadline to allow the Court to rule on the Motion prior to the aforementioned deadlines. *See* LCR 7(j); Dkt. 32 (noting date of June 25, 2021). Nevertheless, Plaintiff does not argue Defendants are acting in bad faith, and there is nothing in the record to demonstrate that an extension would prejudice Plaintiff. In fact, an extension at this stage would benefit Plaintiff, as he will have the opportunity to review to review Defendants' substantive discovery responses (due July 9, 2021) and still challenge those responses. Plaintiff may also engage in additional discovery.

Based on the lack of bad faith and prejudice to Plaintiff, Defendants' Motion for Relief from Deadlines (Dkt. 32) is granted in part. The Court finds a ninety day extension is not warranted at this stage in the proceedings but grants a seventy-five day extension. Defendants are advised that no further extensions will be granted in this matter absent extraordinary cause.

It is ORDERED: the deadline for completion of discovery is extended to August 1, 2021; motions to compel are due by August 17, 2021; and dispositive motions are due by September 1, 2021.

Dated this 30th day of June, 2021.

David W. Christel
United States Magistrate Judge