UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES VINCENT REED,

    Plaintiff,

v.

SARAH KARIKO, *et al.*,

    Defendant.

CASE NO. **3:20-cv-05580-BHS-DWC**

ORDER

Plaintiff brought this action under 42 U.S.C. § 1983. Before this Court is Plaintiff's motion to file overlength brief. Dkt. 40. As discussed below, this Court grants this motion but strikes without prejudice Plaintiff's supporting declaration. Dkt. 42.

Plaintiff filed a complaint generally alleging that Defendants' provided inadequate medical care in violation of the Eighth Amendment and Washington law. Dkt. 5. Defendants answered. Dkt. 21. After discovery, Defendants filed a motion for summary judgment. Dkt. 37. Plaintiff filed a 33-page response to Defendants' motion for summary judgment. Dkt. 41. Plaintiff also filed a motion to file overlength brief and a 126-page declaration in support his response. Dkts. 40, 42.

ORDER - 1

In his motion to file overlength brief, Plaintiff contends that, due to the number of claims and Defendants, he could not meet this District's 24-page limit for a response to a motion for summary judgment and needed nine extra pages. *Id.* at 1–2. Upon review of the record, and being satisfied that granting this request will not unfairly prejudice Defendants, this Court and accepts Plaintiff's 33-page response.

"Declarations must be made with personal knowledge; declarations not based on personal knowledge are inadmissible and cannot raise a genuine issue of material fact." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1063 (9th Cir. 2012) (citations omitted). "Declarations, which are supposed to set forth facts as would be admissible in evidence, should not be used to make an end-run around the page limitations of [Local Civil] Rule 7 by including legal arguments outside of the briefs." *King Cty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) (citation and internal quotation marks omitted). Courts may strike declarations that are not based on personal knowledge or that contain legal argument. *Id.*; *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732 n.2 (9th Cir. 2006); *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018); *Sierra Club v. BNSF Ry. Co.*, 276 F. Supp. 3d 1067, 1071 (W.D. Wash. 2017).

Here, Plaintiff's declaration spans 126 pages and is in the nature of a responsive brief. Dkt. 42. Throughout the declaration, Plaintiff faults Defendants for "violat[ing] their own policies and [the] standard of care" and engaging in "clearly unconstitutional" conduct. *See, e.g., id.* at 4, ¶ 10; *id.* at 55, ¶ 71 ("I have demonstrated that [Defendants] directly participated in unlawful conduct for a deliberate indifference claim."). Plaintiff devotes extensive portions of the declaration to analyzing Defendants' evidence rather than setting forth facts pertaining to his medical treatment (or lack thereof) based on his own personal knowledge. *See, e.g., id.* at 12–17,

¶¶ 12–24 (summarizing Defendants' affidavits). Furthermore, instead of setting forth facts based on his own personal knowledge, Plaintiff heavily incorporates by reference other individuals' deposition testimony or declarations. For example, Plaintiff states that he "was able to obtain a declaration by Dr. Robert G. Gish" in a related case. *Id.* at 42, ¶ 55. Based on Dr. Gish's declaration, Plaintiff argues that his "treatment fell below the Standard [o]f Care." *Id.* at 43, ¶ 56. It would be proper for Plaintiff to cite Dr. Gish's declaration as evidence to support his response, as he has. Dkt. 41 at 10. However, Plaintiff may not use his declaration to repeat the testimony and declarations of other individuals.

In short, Plaintiff's declaration (Dkt. 42) is substantially not based on his personal knowledge and reflects "an end-run around the page limitations of Rule 7 by including legal arguments outside of the brief." *See Rasmussen*, 299 F.3d at 1082. Therefore, this Court strikes it without prejudice.

Accordingly, this Court **ORDERS** as follows:

1. This Court **GRANTS** Plaintiff's motion to file overlength brief. Dkt. 40.

2. This Court **STRIKES WITHOUT PREJUDICE** Plaintiff's declaration. Dkt. 42.

3. On or before **October 25, 2021**, Plaintiff may, if he wishes, file a renewed declaration to support his response to Defendants' motion for summary judgment.

4. The renewed declaration, if any, must contain only Plaintiff's statements based on his personal knowledge and must not incorporate by reference any testimony or statements from other sources. Furthermore, the renewed declaration, if any, must not contain any legal argument.

5. The renewed declaration, if any, must include only include allegations based on Plaintiff's own personal knowledge and must comply with the Local Civil Rules governing form of filings, including Rules governing text size, margin size, and line spacing. Local Civil Rule

1  10(e)(1).[1] If Plaintiff does not comply with this order, the renewed declaration may not be
2  considered by the Court or the Court may require a page limit for Plaintiff's declaration.
3        6.     The renewed declaration, if any, must be signed under penalty of perjury as
4  provided in 28 U.S.C. § 1746(2).
5        7.     Defendants' reply to Plaintiff's response may include, in compliance with Local
6  Rule 7(e)(3), up to 12 pages and is due on or before **October 29, 2021**.
7        8.     The failure to file a renewed declaration in accordance with this order on before
8  **October 25, 2021 may result in this Court's granting Defendants' motion for summary
9  judgment**.
10       The Clerk is directed to **RENOTE** Defendants' motion for summary for **October 29,
11 2021**.
12       Dated this 21st day of September, 2021.

                                        David W. Christel
                                        United States Magistrate Judge

---

[1] Local Civil Rule 10(e)(1) provides as follows:

*Margins and Fonts*. No less than three inches of space should be left at the top of the first page. All other margins must be at least one inch wide, although formatted lines and numbering, attorney information, the name of the judge(s) to whom copies should be sent, and footers may be placed in the margins. Examples of correctly formatted pages are attached as Appendix A. The text of any typed or printed brief must be 12 point or larger and must, with the exception of quotations, be double spaced or exactly 24 points. Footnotes must be 10 point or larger and may be single spaced. A proportionally spaced font must be used on all typed filings.