UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES VINCENT REED, | CASE NO. C20-5580 BHS |
| Plaintiff, | ORDER |
| v. | |
| SARAH KARIKO, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Magistrate Judge Christel's Report and Recommendation, Dkt. 48, recommending that the Court grant Defendants' Motion for Summary Judgment, Dkt. 37, and dismiss this case with prejudice. Pro se Plaintiff Charles Reed has filed two sets of objections, Dkts. 52 and 61.

Reed is an inmate at Stafford Creek Correctional Center. Among numerous other medical conditions, Reed has Hepatitis C. Reed previously sued the Stafford Creek medical staff and others in 2016, in a case the parties refer to as "*Reed 1*." *See Reed v. Hammond, et al.*, No. 16-cv-5993 BHS. *Reed 1* largely involves Reed's claim that the prison staff violated his constitutional rights through deliberate indifference to his

ORDER - 1

Hepatitis C. This Court appointed counsel for Reed in *Reed 1*, and the parties continue to litigate that matter vigorously.

Reed is pro se in this second case, *Reed 2*. He asserts similar federal constitutional and state law medical negligence claims based on the medical treatment he obtained for other medical conditions. *See generally* Dkt. 5 (Complaint). His complaint and his subsequent filings also reference his Hepatitis C and the treatment he has received for that condition. Reed's current objections to the Magistrate Judge's R&R assert that this case is "directly linked" to *Reed 1* in "seeking damages and prospective injunctive relief relative to the same material facts." Dkt. 61 at 1. Indeed, Reed's objections appear to be modeled after the objections successfully asserted in response to an R&R in *Reed 1*. *See Reed 1*, 16-cv-5993 BHS, Dkt. 188 (W.D. Wash. June 4, 2021).

But as a practical and legal matter, this case cannot be the same as *Reed 1*; if it were, it would be dismissed as duplicative and precluded by the prior case. One may generally not simultaneously maintain two actions against the same defendants for the same conduct. Instead, as Defendants' motion asserts, Reed is necessarily asserting different deliberate indifference claims based on different circumstances in overlapping but not identical time frames: the failure to diagnose and treat conditions such as esophagitis, a torn right ACL, degenerative changes in his left knee, and rashes; as well as claims based on the discontinuation of treatment, inadequate record keeping, and retaliation. Dkt. 37 at 4; *see also* Dkt. 5.

Judge Christel's thorough R&R details the claims and Defendants' arguments in support of the summary judgment motion. Dkt. 48. It recommends effectively granting

Defendants' motion to strike, Dkt. 46, Reed's supplemental declaration, Dkt. 45, because it includes information and expert opinions that are not based on Reed's personal knowledge. Dkt. 48 at 10 (stating the Court "will not consider the impermissible portions" of Reed's Declaration in considering Defendants' motion).

The R&R concludes that all of Reed's § 1983 Eighth Amendment deliberate indifference claims are subject to summary dismissal for lack of evidence. *Id.* at 12–36. Similarly, it concludes that Reed's retaliation claim should be dismissed because no reasonable juror could conclude Defendants retaliated against Reed. *Id.* at 36–39. The R&R does not address Defendants' additional argument that, even if their conduct was constitutionally deficient, the violations were not clearly established, and they are entitled to qualified immunity. *See* Dkt. 37 at 12–13. It recommends dismissing Reed's state law claims without prejudice under 28 U.S.C. § 1367(c), because the parties did not adequately address those claims in their filings. Dkt. 48 at 40.

Other than repeating the arguments and claims in *Reed 1*, and the arguments he asserted in response to Defendants' summary judgment motion in this case, Reed's objections to the R&R in this case primarily assert that the R&R erroneously refused to consider his Declaration. Dkt. 61 at 2–4.

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection

requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Nevertheless, objections to a Magistrate's Report and Recommendation are not an appropriate vehicle to rehash or re-litigate the points considered and resolved by the Magistrate Judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 20-cv-01323 RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. 14-cv-0511 JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a Magistrate's Report and Recommendations when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum"). As Courts in other Districts have recognized and explained, such re-litigation is not an efficient use of judicial resources.

There is no benefit to the judiciary "if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009). In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id*; *see also Conner v. Kirkegard*, No. CV 15-81-H-DLC-JTJ, 2018 WL 830142, at *1 (D. Mont. Feb. 12, 2018); *see also Fix v. Hartford Life & Accident Ins. Co.*, CV 16-41-M-DLC-JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017)

(collecting cases); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R&R, are not sufficient under Fed. R. Civ. P. 72.").

The Court agrees that Reed's Supplemental Declaration, Dkt. 45, is largely inadmissible, because it is not based on Reed's personal knowledge and it improperly includes expert opinions, legal conclusions, and other impermissible allegations. The R&R's approach of not relying on the inadmissible material in considering the Defendants' motion is ADOPTED.

Second, Reed's objections are mostly an effort to simply re-litigate the issues addressed in the R&R. Reed has not provided evidence from which a reasonable jury could find that any of the defendants personally participated in any constitutional deprivation, and he has not established that there was a constitutional violation on any of the numerous non-Hepatitis C medical issues upon which his claims are based. The R&R's recommendation that the Court grant the Defendants' summary judgment motion is therefore ADOPTED.

Furthermore, and in any event, the Court agrees with Defendants that they are entitled to qualified immunity on all of Reed's § 1983 claims against them.

Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982). The purpose of the doctrine is to "protect officers from the sometimes 'hazy border between excessive and acceptable force.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (parenthetically quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)). A two-part test resolves claims of qualified immunity by determining whether plaintiffs have alleged facts that "make out a violation of a constitutional right," and if so, whether the "right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal citations and quotations omitted).

Qualified immunity protects officials "who act in ways they reasonably believe to be lawful." *Garcia v. Cnty. of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). The reasonableness inquiry is objective, evaluating "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Huff v. City of Burbank*, 632 F.3d 539, 549 (9th Cir. 2011) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). Even if the officer's decision is constitutionally deficient, qualified immunity shields her from suit if her misapprehension about the law applicable to the circumstances was objectively reasonable. *See Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). Qualified immunity "gives ample room for mistaken judgments" and protects "all but the plainly incompetent." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotations omitted).

Defendants' motion asserts that they are entitled to qualified immunity. Dkt. 37 at 12–13. The R&R did not address the issue. But Defendants correctly assert that once the issue is raised, Reed has the burden of demonstrating that he suffered a constitutional

injury and that a reasonable official in the defendant's position would have known that their conduct violated Reed's constitutional rights. Reed did not address the second prong of this qualified immunity defense in his underlying response, Dkt. 41, or in his objections to the R&R, Dkt. 61. The Court agrees that each defendant is entitled to qualified immunity, and Reed has failed to identify any factual issue that must be resolved before the qualified immunity issue can be determined. This is an additional basis for granting Defendants' summary judgment motion on Reed's § 1983 claims against them.

Finally, for a similar reason, the Court DECLINES to adopt the R&R's recommendation that the Court dismiss without prejudice Reed's state law medical negligence claims. Reed correctly argues that discovery is complete, and that it would be unfair to the parties and to the state court to force them to start over again in a new jurisdiction. *See* Dkt. 61 at 33.

Nor can the Court agree that the parties' failure to fully address the viability of those claims requires the court to effectively deny the motion. A defendant's summary judgment motion puts the plaintiff to his burden of proof by pointing out a lack of evidence to support the plaintiff's claim. The plaintiff is then obligated to provide evidence and otherwise establish that, viewed in the light most favorable to him, that evidence would permit a jury to find in his favor.

Expert medical testimony is generally required to establish the standard of care and to prove causation in a medical negligence action. *Guile v. Ballard Cmty. Hosp.*, 70 Wn. App. 18, 25 (1993) (citing *Harris v. Groth*, 99 Wn.2d 438, 449 (1983)). Therefore,

to defeat summary judgment in most medical negligence cases, the plaintiff must produce competent medical expert testimony establishing that the injury complained of was proximately caused by a failure to comply with the applicable standard of care. *Seybold v. Neu*, 105 Wn. App. 666, 676 (2001). "If the plaintiff in a medical negligence suit lacks competent expert testimony, the defendant is entitled to summary judgment." *Colwell v. Holy Family Hosp.*, 104 Wn. App. 606, 611 (2001), *abrogated on other grounds by Frausto v. Yakima HMA, LLC*, 188 Wn.2d 227 (2017).

Defendants argued and demonstrated that there was no evidence supporting his claim that his doctors were negligent and that they proximately caused him injury. Dkt. 37 at 13–15. Reed failed to meet his burden[1] in response. As a result, Defendants' summary judgment motion should be granted. For the reasons outlined in the underlying motion, Defendants' motion for summary judgment on Reed's state law medical negligence claims is GRANTED and those claims are dismissed with prejudice.

The R&R is **ADOPTED in part**. Defendants' Motion for Summary Judgment on Reed's § 1983 claims, Dkt. 37, is **GRANTED**, for the reasons in the R&R and because the Defendants are entitled to qualified immunity. The Court **DECLINES** the R&R's recommended dismissal of Reed's state law claims, and Defendants' summary judgment motion on those claims, Dkt. 37, is also **GRANTED**. Reed's claims in this case are **DISMISSED with prejudice**.

The Clerk shall enter a JUDGMENT and close the case.

---

[1] Reed does reference Dr. Gish's expert opinions in *Reed 1*, but those opinions do not address the medical negligence claims in this second case.

1  IT IS SO ORDERED.

2  Dated this 22nd day of July, 2022.

_____
BENJAMIN H. SETTLE
United States District Judge